Please be seated. We will move to the case of Gonzalez v. Sessions. We will hear from the appellants. Counsel? May it please the Court, my name is Japheth Matemu for the petitioner in this case. The question before this case of marijuana under the North Carolina laws qualifies as a conviction for the purposes of 8 U.S.C. 1227 A2B1. Now my client qualified for conviction that supported his cancellation of removal application being pretermited. Now the only point that I would like to argue today is that the conviction referred to by the immigration judge in Charlotte, North Carolina was not a conviction that satisfies this federal statute. Now we are not arguing that the petitioner did not plead guilty. Let me be clear in terms of what you perceive to be the main issue in this case here. You got this $100 cost here. And how is it that you say that does not satisfy the definition of either being a penalty or I guess from the perspective of North Carolina, is cost a penalty? Judge, I'm saying that that is not a penalty. Because if we, I looked at this court's case of Eleuterio Payan, number 1147-2016, where the court concluded that some form of Which court are you talking about? Would be something like probation or something like that? Are you talking about the Supreme Court of North Carolina? Or which court? No, I'm talking about the 1147, 16-1147. It's a case that's very similar. Can we call this $100 an administrative cost and get away with that? In my view, I can view it as an administrative cost, but it was not any form of punishment. Well, only the people who get convicted pay the $100. The people who go to court and get their charges dismissed, they don't. So help me out on how we would call it an administrative cost. Since it's not applied to everybody who shows up in court. My response to that would be that that being a cost, it does not satisfy the statute that I just indicated, which says the judge has ordered some form of punishment, penalty or restraint on the alien's liberty to be imposed. Now, this $100 cost, in my view, does not satisfy any of those requirements. Well, does it satisfy the requirement that it be ordered by a judge? Because the government in its 28J letter seems to suggest that because it's actually assessed by the clerk, it doesn't fall within the statute because it's not ordered by the judge. Do you have a view about that? Yes, Judge. My view would be that that was not a punishment. I mean, that was not a cost that was imposed by a judge. And for that reason, then, my client was prevented from being able to prosecute his application for cancellation of removal. He arrived in court ready to prosecute his application, but at the point of statute, to prosecute that application, he was pre-terminated, so he was not given that opportunity. The second point I would like to make is that there is a waiver that's available. And the immigration judge pointed to the availability of that waiver on page 41 of the appendix, where the judge says that victims of domestic violence, can get a waiver like that. I'm not saying that my client was, but that is an inquiry that was not availed to my client. So this conviction not satisfying the second requirement of 8 U.S.C. 1227 cannot support the judge's decision to pre-terminate the application for cancellation of removal. I yield the rest of my time. All right. We'll give you some moments to come back in rebuttal. We'll hear from the government's counsel. Good morning. May it please the Court, my name is Dawn Conrad, and I'm here today on behalf of the United States Attorney General. As this panel noted, the main issue in this case is whether the assessment of $100 in cost by the North Carolina court in response to petitioner's conviction for possession of marijuana was a sufficient punishment, penalty, or restraint to meet the INA's definition. Under 8 U.S.C. section 1101A48A. The board held in matter of Cabrera. To what extent do we look at North Carolina law to determine what it is, the cost? We would argue, Your Honor, that you don't really look at North Carolina law, and that's based on matter of Cabrera, which the board held that the imposition of cost. In and of itself, it looked to the Florida statute. It looked to see and said, well, Florida courts have held this to be XYZ. I realize it used the broader language, but it relied upon what Florida looked at that cost to be. It looked at what Florida considered, but we would argue that's not the dispositive holding in that case, the dispositive holding. To me, that a state ought to be able to tell you whether or not it's a punishment or not. If a state levies something, and in this instance in North Carolina, you've got this prayer for judgment, which is kind of an interesting creature in North Carolina in and of itself, as you well know. That's true, Your Honor. We're not going there. We're dealing with the cost in terms of whether it's a punishment or restraint. It's not a restraint, so we're just dealing in terms of whether it's a penalty. At least the North Carolina case law seems very clear that this is more in the nature of a non-penalty type assessment than it is a penalty under North Carolina law. I think to get where you want us to get, we're going to have to take your interpretation of the Cabrera case. Is that right? That the BIA has deference over this to do this. That's correct, Your Honor, and the necessity for that is to have a uniform federal definition that should govern in these cases as to whether the assessment of costs and surcharges institutes a penalty or punishment, irrespective of how the state might characterize them. Does it matter that this cost can be levied by, even after trial, I mean it can be put in by the clerk or put in, it doesn't have to be part of the judgment or the sentence? Well, I'll note that the board didn't really consider that issue because it wasn't raised by the parties below. Well, it was in Cabrera that there was a sentence there, wasn't it? It was put in the context of being a sentence. Correct. I mean, in Cabrera, I don't believe there was an issue of the clerk awarding the costs. But it was a sentence that had been imposed on, here you've got a prayer for judgment. Correct. Isn't that the distinction with Cabrera in this case is that this is not a criminal sentence, imposition of costs? Well, we would argue that it is a penalty to the losing party under North Carolina law. I got your argument. I'm just trying to deal with what we're dealing with on Cabrera in terms of how to make that, if we're going to give this deference to the BIA. And we give deference because they've got some expertise. But the expertise is arising from what this is under state law. I mean, they can't be any greater experts on this than what the state of Florida would be in Cabrera, or in this case in North Carolina. But even if it is, and if you do it in the context of if it's a criminal sentence in the cause, then Cabrera clearly says that looks like it's a penalty. There's no criminal sentence here. So how do we, isn't that a distinction? Well, Cabrera, and I'm not arguing that the board claims to be an expert on state law. They've proven that they're not. But Cabrera focused on whether there are, I mean, they did look at whether how Florida defines costs. But Florida focused on the fact that there needs to be a uniform, Cabrera focused on the fact that there needs to be a uniform federal definition. And so they looked at whether the assessment of costs and surcharges constitutes a penalty or punishment. We would argue it's not specifically required to look to whether the state defines it as a punishment. But costs clearly are not a sentence under North Carolina law. Well, it is a penalty. At least in the context of a PJC, because if it would, it would be a final judgment. That's true, Your Honor. But it's not a cost in terms of a sentence in this case. It's not correct. But it is only imposed upon the losing party, and the clerk can only enter costs following the order of the judge. The clerk has no independent authority to enter the costs. Really? What does it mean when it says that the clerk shall enter in the case file after judgment the costs allowed by law? As ordered by the court. It sounds to me, just on the face of it, like the clerk's supposed to look at that statute 7A304, figure out how much this guy owes, and enter it. That's correct. That really does not sound like the judge ordering a penalty. Well, it's following the fact that he, the clerk can only do that after judgment. Yeah, but it doesn't say anything about the, there's nothing in here that says, I just don't understand how if the clerk is the one who's entering the costs as allowed by law, that that's the judge ordering costs. We're not arguing that the judge is ordering the costs. The judge isn't ordering costs. Who cares if costs are a penalty because the judge has to order it under the INA. Well, then. I thought that was the whole gist of your 28J letter. There was no new authority in there. I thought it was just sort of pointing out, look, we've got a problem here because the clerk enters. Right, right. And we would argue. Are you taking it back now? No, no, no, Your Honor. I mean, it is our position that this North Carolina statute still meets that definition. But if the court feels that it does not, then this is a case that needs to be remanded for the board to look at that at the first instance because they haven't looked at that issue before in this case. What is the board going to tell us about North Carolina law when it comes to North Carolina? It tells you right from the beginning. BJC is what you're dealing with here. You know the difference. It's not a judgment. It's not a final judgment. Case law in North Carolina says cost is not a penalty in that particular setting. And here where you have a clerk or anyone else can enter this administrative type cost, but you put forth the authority, I give you credit for that because that's what a lawyer is supposed to do. Thank you, Your Honor. We already knew it anyway, and that was good for you. But, you know, I think in that context, you know, it just seems to me you've got a strange situation when you're a BJC. I mean, you probably got a much stronger argument if it's part of the criminal sentence as it was in the Florida case. Yes, yes. That's a good point, Your Honor. I would argue that the board has some authority to determine, though, what the phrase judge-ordered form of punishment, penalty, or restraint on the alien's liberty to be imposed means. Of course, you know how it works in North Carolina. You know that judge did not order anything here. That came from the clerk. He didn't even know about it. Well. He just, he handled the BJC, and that was it. Right? I mean, that's the way it goes in North Carolina. I mean, that's not really clear from the record, but that is what appears under the statutes. Yes, yes. I believe you, Your Honor. What is the board's position as to what judge-ordered means? It doesn't have to be ordered by the judge? That would be our position, that there is room for interpretation in that. Just explain to me. What does that look like? So what do you think it means? I think it means it has to be ordered by the judge, but you tell me what the BJC means. That if the judge finds judgment against the petitioner, that's sufficient because then the court, the costs have to be assessed by the clerk. So the clerk is only acting after the judge has acted. When is the judgment going to be acted in a BJC? When is that judgment? But that happens frequently in North Carolina. They award. Got it. It doesn't have to be a final judgment, and we're not arguing that this is a final judgment, but in North Carolina they – BJC, but for purposes of determining if it's a penalty, you would think it does, and that's what's in Carrera is what you're dealing with, is a final judgment dealing with a criminal sentence cause, boom, penalty. You don't have that here. Well, our position would be that that's something that first – our position is that it is a penalty even though the clerk ordered it from the judge. So you think anything that is entered after a judgment counts as the judge ordering some form of punishment, penalty, or restraint? If it is a – correct. If it fits the definition of punishment, penalty, or restraint. And you think there's enough ambiguity in this statute that we're under Step 2 of Chevron, and that's a reasonable construction? Yes, Your Honor. Or to send a – if you have a question on that, then send it back to the board and the board can address that in the first instance because, like I noted, that has never been raised to the board in this case, so the board had never addressed whether the fact that the clerk enters costs in North Carolina makes it fall outside Carrera. Well, it's fairly unique in any event because you're dealing with the North Carolina prayer for judgment type. Correct, which is a rare – So, you know, you kind of like the board to have something uniform, but not very uniform just telling North Carolina what it is there, not applying to anybody else unless you've got that kind of situation. That's true, Your Honor. It would only apply to these North Carolina situations. It sounds like we ought to just answer. I don't see what the board adds. Well, the board can provide guidance on what is meant by judge ordered. That's what we'll tell you. That's how we do it. But the board hasn't looked at that yet in this case. And it's also petitioner's burden to prove that these are not costs under the INA, which he really hasn't done because it's his burden to prove eligibility for relief. Can I ask you a question just to satisfy my curiosity? So your opening brief before the 28-J letter, there's a big section about how the defendant has waived any argument as to whether this state conviction, assuming there was a conviction, counts as one for controlled substances under the categorical approach, but it doesn't matter because the North Carolina statute is divisible. Can you tell me what argument it is that's been waived here? I'm trying to figure out. I just don't know what you're talking about. I think our position was any challenge to the fact that it's not a controlled substance offense. But what challenge? Right. Petitioner conceded that it was a controlled substance offense. So I think. You just went on at so much length. I thought there was some really obvious argument that I should be aware of. Right, right. Well, Your Honor, I confess I did not write the brief, so I don't know the exact motivation behind that, but I don't think that's really an issue here. I thought I was genuinely curious. I wanted to make sure I wasn't missing something. No problem. If there's no further questions, that's it. We'll thank you. Thank you. Mr. Matemu, did I get your name? Did I do a good job on your name there? Yes, Judge. Matemu? Yes, Matemu. Matemu. Thank you. Is there anything you want to add to what you've heard here today? Yes, Judge. I just want to state that these costs that were entered after the conclusion of the proceedings in which there was no resolution cannot be said to have been, Judge, ordered. And also this does not qualify to be a conviction for pre-termination of cancellation of removal application. That's all. Thank you. All right. We'll come down and greet counsel and proceed to our final case of the day.
judges: James A Wynn, Jr., Henry F. Floyd, Pamela A. Harris